

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 3:17-CR-239-N (01) |
| | § | |
| JUSTIN MARK SHAFER | § | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)     The defendant must not violate federal, state, or local law while on release.

(2)     The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3)     The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)     The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: <u>1100 Commerce St., Dallas, TX 75242 as directed.</u>
                                    *Place/Date/Time*

If blank, defendant will be notified of next appearance.

(5)     The defendant must sign an Appearance Bond, if ordered.

Case 3:17-cr-00239-N   Document 55   Filed 12/01/17   Page 2 of 5   PageID 385

## ADDITIONAL CONDITIONS OF RELEASE

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

☐     (6)     The defendant is placed in the custody of:

Person or organization

Address (*only if above is an organization*) _____

City and state _____ Tel. No. _____

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____

                       *Custodian*                             *Date*

☒     (7)     The defendant must:

    ☒     (a) submit to supervision by and report for supervision to the <u>Supervising Officer</u> telephone number 817/978-3633, no later than <u>December 4, 2017 before 5:00 p.m.</u>.

    ☒     (b) continue or actively seek employment.

    ☐     (c) continue or start an education program.

    ☒     (d) surrender any passport to:

    ☒     (e) not obtain a passport or other international travel document.

    ☒     (f) abide by the following restrictions on personal association, residence, or travel: <u>Travel is restricted to the Northern District of Texas, unless prior permission is given by a pretrial services officer to travel elsewhere</u>

    ☒     (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or Prosecution, including: <u>Special Agent Hopp, Mrs. Beth Hopp, Magistrate Judge Jeffrey Cureton, Margaret Koye or any other staff member of the court and any investigating agent of the FBI related to this case.</u>

    ☒     (h) get medical or psychiatric treatment: <u>Mental Health evaluation and/or treatment as directed by the pretrial services offices</u>

    ☐     (i) return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes:

    ☐     (j) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.

    ☒     (k) not possess, purchase or acquire any firearm, destructive device, or other weapon.

    ☒     (l) not use alcohol ☐ at all ☒ excessively.

    ☒     (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed to defendant by a licensed medical practitioner.

    ☒     (n) submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper w with the efficiency and accuracy of prohibited substance screening or testing.

    ☒     (o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

    ☒     (p) participate in one of the following location restriction programs and comply with its requirements as directed

        ☐ (i)    **Curfew.** You are restricted to your residence every day ☐ from _____ to _____, or ☐ as directed by the pretrial services office or supervising officer; or

        ☒ (ii)   **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or

        ☐ (iii)  **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.

    ☒     (q) submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided. **GPS Location Device**
**(X) You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or supervising officer.**

    ☒     (r) you must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services or supervising officer.

    ☐     (s) report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

    ☐     (t)

**ATTACHMENT 1 TO**
**ORDER SETTING CONDITIONS OF RELEASE**

(X)     (t) The defendant shall not have access to any computer.

(X)     (u) The defendant shall participate and comply with the requirements of the Computer and Internet Monitoring Program, contributing to the cost of the monitoring in an amount not to exceed $40.00 per month.  As part of the Computer and Internet Monitoring Program,

> (i)The defendant shall consent to the probation officer's conducting ongoing monitoring of his computer(s). The monitoring may include the installation of hardware and/or software systems that allow for the evaluation of computer use. The defendant shall not remove, tamper with, reverse engineer or circumvent the software in any way. The defendant shall only use authorized computer systems that are compatible with the software and/or hardware used by the Computer and Internet Monitoring Program. The defendant shall permit the probation officer to conduct a preliminary computer search prior to the installation of software. The monitoring software may be removed at any time during the term of supervision at the discretion of the probation officer.

> (ii) The defendant shall submit to periodic unannounced examination of his computer(s), storage media, and/or other electronic or Internet-capable devices performed by the probation officer at a reasonable time and in a reasonable manner based on reasonable suspicion of contraband evidence in a violation of supervision. This may include the retrieval and copying of any prohibited data and/or the removal of such systems for the purpose of conducting a more thorough inspection. The defendant shall provide written authorization for release of information from the defendant's Internet service provider.

> (iii) The defendant shall not use any computer other than the one the defendant is authorized to use, without prior approval from the probation officer.

> (iv) The defendant shall not use any software program or device designed to hide, alter or delete records and/or logs of the defendant's computer use, Internet activities, or files stored on the defendant's computer.

(v) The defendant shall not maintain or create a user account on any social networking site (i.e. Facebook.com, Twitter, Instagram etc.) or access any such account of another, provided that defendant may post on his blog, provided that such posts comply with the balance of these conditions and neither provide identifying information regarding these persons identified in paragraph 7(g), nor encourage or invite others to contact or harass such persons.

(vi) The defendant shall not use or possess any gaming consoles (including, but not limited to Xbox,PlayStation, Nintendo) or devices without prior permission from the pretrial services officer. Additionally, the defendant shall not have any contact with Special Agent Hopp, Mrs. Beth Hopp, Judge Jeffrey Cureton, Margaret Koye or any other member of court staff and any investigating agent of the FBI related to this case

(vii) The defendant shall not use or possess a web cam or any other hardware that allows for the exchange of video or photographs online.

(viii) the defendant shall not access any service or use any software that allows for the direct peer-to-peer contact that may include chat rooms, file sharing or other similar activity, without permission from the pretrial services officer.

(ix) The defendant shall no use or own any device that allows Internet access other than authorized by the U.S. Probation Office. This includes, but is not limited to PDA's, electronic games and cellular/digital telephones.

(x) The defendant shall be required to log onto his authorized computer using an assigned user name (true name) and biometric user authentication.

AO 199A (Rev. 12/11) Order Setting Conditions of Release                                          Page 5 of **5**

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

   Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.
   While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence you receive.
   It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.
   If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
   (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
   (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
   (3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
   (4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

   A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

   I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
                                        *Defendant's Signature*

Dallas TX
_____
                                        *City and State*

### Directions to the United States Marshal

☒      The defendant is ORDERED released after processing.

☐      The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: 12/1/17                          _____
                                        *Judicial Officer's Signature*

                                        DAVID C. GODBEY, U.S. DISTRICT JUDGE

                                        _____
                                        *Printed name and title*

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL