ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2018 MAR 22 AM 9:58

DEPUTY CLERK _____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § § § § § § | |
| Plaintiff. | | |
| v. | | CRIM. NO. 17-CR-00239-N |
| JUSTIN MARK SHAFER, | | |
| Defendant. | | |

## PLEA BARGAIN AGREEMENT

The United States Attorney for the Western District of Texas ("U.S. Attorney's Office" or "government"), by and through the undersigned Assistant United States Attorney, and Defendant, JUSTIN MARK SHAFER, personally and by and through TOR EKELAND/JAY COHEN, Attorney for Defendant, enter into the following plea bargain agreement pursuant to Rule 11(c)(1)(B), Federal Rules of Criminal Procedure:

**1. Defendant's Agreement to Plead Guilty**

Defendant agrees to waive indictment in open court in accordance with Rule 7(a) of the Federal Rules of Criminal Procedure, and plead guilty to Count One of a Superseding Information, which charges Defendant with a violation of Title 18, United States Code, Section 115(a)(1), Retaliating Against a Federal Official by Threatening a Family Member.

**2. Penalty**

The offense to which Defendant is pleading guilty carries the following penalty:

Count One: 18 U.S.C. § 115(a) – Retaliating Against a Federal Official by Threating a Family Member

| Maximum possible prison term: | Not more than one (1) year. |
|---|---|
| Mandatory minimum prison term: | None. |
| Term of supervised release: | Not more than one (1) year. |
| Maximum fine: | Not more than $1,000.00 |
| Mandatory monetary assessment: | $100 |
| Amount of Restitution: | To be determined by the Court, and as set forth in "Defendant's Financial Obligations" below. |
| Forfeiture | Yes, as set forth in "Defendant's Financial Obligations" below. |

Any term of imprisonment imposed does not provide for parole.

3. **Sentencing Matters**

a. **Court to Determine Sentence:** Regarding the imposition of sentence, Defendant understands that the Court decides the punishment that will be imposed. The Court shall determine the sentence to be imposed in accordance with 18 U.S.C. § 3553(a), after considering the application of the Sentencing Guidelines. The Guidelines are advisory and not binding, although the Court is required to consider them. Any prediction or estimate of the probable sentencing range or ultimate sentence that may be imposed, whether from the government, Defendant's attorney, or the Probation Office, is not a promise, is not binding, and is not an inducement for Defendant's guilty plea or waivers. Defendant will not be permitted to withdraw Defendant's guilty plea because the sentence imposed differs from the sentence Defendant expected or hoped for.

b. **Sentencing Rights:** Notwithstanding the above provisions, both the government and Defendant agree to waive the preparation of a presentence report and investigation by the U.S. Probation Office and proceed directly to sentencing. Both parties will have the opportunity to allocute at sentencing (consistent with promises by the government concerning recommended findings and punishment).

c. **Non-Binding Sentence under Rule 11(c)(1)(B):** Pursuant to Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, and subject to approval and acceptance by the Court, the United States Attorney's Office and the Defendant agree to recommend a particular sentence as an appropriate disposition of this case. Specifically, the parties recommend that the appropriate sentence is TIME SERVED. The amount of fine, supervised release and restitution shall be determined by the Court. The parties agree that this recommended sentence *does not* bind the court.

4. **Defendant's Additional Obligations**: Defendant agrees to have no direct contact, either personally or through any associates whatsoever, with Special Agent Nathan Hopp or any of his immediate or extended family members. Defendant also agrees to have no contact, either in, personally or through any associates whatsoever, with Judge Jeffrey Cureton, his staff or any of his immediate or extended family members.

Defendant agrees that this no contact agreement includes prohibiting the Defendant from any in person, direct or indirect contact with Special Agent Nathan Hopp or any of his immediate or extended family members or Judge Jeffrey Cureton, his staff or any of his immediate or extended family members, any employee of Patterson Dental, Grand Street Medical, Oakview or Dentaltown via telephone, electronic communications, social media postings and/or any other communication mechanism or facility; including through surrogates, associates or any third parties on behalf or at the behest of the Defendant via any of the aforementioned methods.

5. **Factual Basis for the Guilty Plea**

Defendant agrees that the government's evidence at trial would have established the following facts, which are true and correct, proving beyond a reasonable doubt each of the elements of the crime(s) charged:

On or about March 21, 2017, in the Northern District of Texas, the defendant, **Justin Mark Shafer,** did assault a member of the immediate family, BH, of a federal law enforcement officer, with intent to retaliate against NH on account of the performance of his/her official duties. Defendant's offense did not involve physical contact with BH.

More specifically, the Government would prove beyond a reasonable doubt that on this date, the Defendant committed the offense of simple assault by making direct contact via Facebook messenger and the use of Facebook's social networking service and electronic communication service by sending intimidating communications to BH, an immediate family member of NH, a federal law enforcement officer. The electronic communications from the Defendant to BH were intended as retaliation against the federal law enforcement officer, NH, on account of the performance of his/her official duties in assisting with the execution of two search warrants at Defendant's residence during the term of the law enforcement officer's federal service.

6. **Government's Agreement**

In exchange for Defendant's agreement to plead guilty, to waive the rights listed in this plea agreement, the United States Attorney's Office for the Western District of Texas agrees to the following:

> **Motion to Dismiss:** Upon imposition of sentence, the government will move to dismiss remaining charges against Defendant.
>
> **Forbear Filing Charges:** The Government agrees it will not criminally prosecute Defendant for the conduct giving rise to the charge(s) contained in the Superseding Information, based on the facts set forth in this plea agreement. In addition, the

undersigned Assistant United States Attorney has been advised by written communication that the United States Attorney's Office for the Northern District of Texas (USAO-NDTX) agrees to forbear the prosecution of Count One of the Superseding Information in the Northern District of Texas and agrees to this Plea Agreement; moreover, USAO-NDTX agrees it will not criminally prosecute Defendant for the conduct giving rise to the charge(s) contained in the Indictment or Superseding Information, based on the facts set forth in this plea agreement. More specifically, the Government agrees to not pursue any charges relating to the investigation of the Defendant's activities regarding alleged unauthorized FTP or HTTP server access or relating to the May 25, 2016 search warrant, Case No. 3:16-MJ-322, or any information obtained thereafter relating to these activities occurring in the Northern District of Texas and elsewhere.

7. **Defendant's Related Agreement**

   a. **Advice of Trial Rights.** Defendant understands that Defendant has the following rights:

   (1) The right to plead not guilty, or having already so pleaded, to persist in that plea;

   (2) The right to a trial by jury;

   (3) The rights at trial to confront and cross-examine adverse witnesses; to be protected from compelled self-incrimination (the right to remain silent); to testify and present evidence; and to compel the attendance of witnesses;

   (4) The right to be represented by counsel – and, if necessary, to have the court appoint counsel at public expense – at trial and at every other stage of the proceeding.

   b. **Waiver of Trial Rights.** Defendant understands that, by pleading guilty, Defendant waives and gives up the following rights: the right to plead not guilty; the right to a jury trial; the right to confront and cross-examine adverse witnesses; the right to remain silent, or to testify; and the rights to present witnesses and to compel the attendance of witnesses at trial. In addition, the Court may require Defendant to answer truthfully questions about the offense(s), and Defendant may be prosecuted if Defendant knowingly makes false statements or gives false answers.

   c. **Waiver of Additional Rights.** In addition to giving up the rights described above, Defendant agrees to give up and waive the following:

   **Pretrial Motions:** Defendant understands that Defendant could raise a number of issues and challenges by pretrial motion, including motions to suppress evidence and to dismiss the charges against Defendant. By entering into this agreement and pleading guilty, Defendant agrees to give up any and all claims Defendant has made

or might have made by pretrial motion, and agrees to the dismissal of any motions that currently are pending.

**Discovery:** In addition to waiving pretrial motions, Defendant agrees to give up and waive any claims Defendant may have now or may acquire later to any information possessed by the prosecution team that might be subject to disclosure under discovery rules, including the Federal Rules of Criminal Procedure, the *Jencks* Act, local court rules, and Court Orders, including information that might be considered exculpatory or impeaching under *Brady v. Maryland* and *Giglio v. United States*. Defendant waives any continuing discovery request and additional discovery. Defendant also waives all rights to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act (5 U.S.C. § 552) or the Privacy Act (5 U.S.C. § 552a).

**Legal Fees and Expenses:** Defendant hereby stipulates and agrees that Defendant is not entitled to and shall not seek from the United States any attorney's fees or other litigation expenses Defendant incurred in connection with this prosecution. Defendant further stipulates and agrees that by reason of the dismissal of, or the Government's agreement to forebear filing or pursuing, certain criminal charges as part of this plea agreement, Defendant is not a "prevailing party" for the purpose of seeking attorney's fees and other litigation expenses under the Hyde Amendment, Pub. L. 105-1119, Title VI, § 617, 111 Stat. 2519, codified at 18 U.S.C. § 3006A. Defendant further agrees that as a term of this plea agreement, Defendant hereby waives any and all claims against the United States for attorney's fees and other litigation expenses under said law.

d. **Defendant's Financial Obligations.**

**Restitution.** Defendant agrees to the entry of a restitution order for the full amount of the losses incurred by any victim of the offense of conviction and any restitution attributable to any relevant conduct.

**Forfeiture.** The Court may order the forfeiture of Defendant's interest in the following property: All electronically/digitally stored means of identification, (other than the Defendant's own) stored on electronic storages devices and/or media seized from the Defendant pursuant to execution of federal search warrants.

**Cooperation in Financial Obligations:** Defendant will cooperate with the U.S. Attorney's Office, and with law enforcement agents as directed by the U.S. Attorney's Office, as follows:

(1)   Defendant will make a good faith effort to pay any fine, forfeiture, or restitution ordered by the Court.

    (2)    Before or after sentencing, Defendant will provide, upon request by the Court, the U.S. Attorney's Office, or the U.S. Probation Office, in whatever form requested, accurate and complete financial information, and will submit sworn statements and give depositions under oath concerning all assets and Defendant's ability to pay.

    (3)    Defendant will surrender and release any assets, money, or other property, whether or not derived from the commission of crimes, as well as any information about said assets, in order to satisfy any fine, forfeiture or restitution order entered by the Court. This includes signing any waivers, consents, or releases required by third parties.

    (4)    Defendant will identify any transfer of assets made for the purpose of evading or defeating financial obligations, and refrain from making any such transfers.

    (5)    If required to pay restitution, Defendant will immediately commence the sale of any properties that Defendant owns and apply the proceeds of those sales to any order of restitution. Defendant will take any and all reasonable actions requested by the government to facilitate payment of restitution.

## 8. Conclusion

### a. Collateral Consequences

Defendant understands that in addition to the punishment described above, Defendant's guilty plea and conviction may have other or collateral consequences. Defendant has discussed with Defendant's attorney the punishments and consequences of pleading guilty, understands that not all of the consequences can be predicted or foreseen, and still wants to plead guilty in this case.

### b. Breach of Agreement

In the event Defendant violates or breaches any of the terms of the plea agreement, including Defendant's agreement to cooperate, the government will be released from its obligations under this agreement and in its sole discretion may do any or all of the following:

    (1)    Move to set aside Defendant's guilty plea and proceed on charges previously filed and any additional charges;

    (2)    Use against Defendant any statements or information Defendant provided during the course of cooperation, at sentencing or in any prosecution;

    (3)    Seek additional charges based on false statements, perjury, obstruction of justice, or any other criminal acts committed by Defendant before or during Defendant's cooperation, including offenses disclosed during Defendant's cooperation;

  (4)  Seek to revoke or modify conditions of release; and/or

  (5)  Decline to file a motion for a reduced sentence.

 **c.**  **Voluntariness**

In entering into this Plea Bargain Agreement, agreeing to plead guilty, and waiving the rights set forth above, Defendant understands and affirms the following:

  (1)  Defendant has discussed with Defendant's attorney the charges, the possible punishment upon conviction, the evidence and any defenses to the charges, and the benefits and risks of going to trial.

  (2)  Defendant has a right to plead not guilty, and by entering this agreement and pleading guilty, Defendant is waiving or giving up a number of important rights, described above.

  (3)  Defendant has had sufficient time to discuss the case with Defendant's attorney, and is satisfied with the advice given by counsel.

  (4)  Defendant's good judgment and ability to understand this plea agreement and its consequences are not impaired or diminished due to the use of alcohol, drugs, or medications, nor to the effect of any physical, mental, or emotional illness, disease, or injury. Defendant understands the significance of the proceedings and the importance of the decision to plead guilty and waive rights.

  (5)  Defendant enters this agreement and decision to plead guilty voluntarily, and not on account of force, threats, promises or inducements, apart from the promises and inducements set forth in this agreement.

  (6)  Defendant agrees to plead guilty because Defendant is guilty of the offense charged.

 **d.**  **Entire Agreement**

This Plea Bargain Agreement constitutes the entire agreement between Defendant and the United States Attorney's Office for the Western District of Texas, and is binding only upon those parties. The parties have not made any other promises or inducements, or entered into any other agreements. The Court may accept or reject this agreement, and may defer this decision until it has reviewed the presentence report. If the Court accepts the agreement, but declines to follow the government's sentencing recommendations, Defendant has no right to withdraw Defendant's guilty plea.

                 Respectfully submitted,

                 JEFFERSON B. SESSIONS
                 ATTORNEY GENERAL

JOHN F. BASH  
UNITED STATES ATTORNEY  
WESTERN DISTRICT OF TEXAS

*/s/ Douglas W. Gardner*

DOUGLAS GARDNER  
Special Assistant United States Attorney  
Texas Bar No. 24007223  
816 Congress Avenue, Suite 1000  
Austin, Texas 78701  
Telephone: 512-916-5858  
Facsimile: 512-916-5854

<u>Defendant's Signature</u>: I, JUSTIN MARK SHAFER, have carefully read and reviewed the foregoing plea agreement in its entirety. After giving careful and mature consideration to the making of this plea agreement, thoroughly discussing the plea agreement with my attorney, and fully understanding my rights with respect to the pending criminal charge(s), and in reliance upon my own judgment and the advice of my attorney, I freely and voluntarily agree to the specific terms and conditions of the plea agreement. I admit that all of the facts contained in the Factual Basis are true and correct, and that I am guilty of the offense(s) to which I am pleading guilty. Moreover, I am satisfied with my attorney's representation of me in this matter, with the advice my attorney has provided to me, and that my attorney has rendered effective assistance.

*/s/ Justin Shafer*                                                              03/19/2018  
JUSTIN MARK SHAFER                                                    Date  
*Defendant*

<u>Defense Counsel Signature</u>: I am counsel for Defendant, JUSTIN MARK SHAFER, in this case. I have fully explained to Defendant all of Defendant's rights with respect to the pending criminal charge(s). I have carefully reviewed this plea agreement in its entirety with Defendant and provided Defendant with my best professional advice. In my opinion, Defendant's decision to enter into this plea agreement is made freely, voluntarily, and with full knowledge of its obligations and consequences.

*/s/ Tor Ekeland*                                                                03/19/2018  
TOR EKELAND/JAY COHEN                                            Date  
*Attorney for Defendant*